THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAWN SHAFFSTALL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>OLD DOMINION FREIGHT LINE, INC.,<br><br>　　　　　　Defendant. | CASE NO. C18-1656-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Dawn Shaffstall's expedited motion to reopen discovery and compel the deposition of Laura Williams (Dkt. No. 81). Having considered the parties' briefing and the relevant record and hearing telephonic argument pursuant to Local Civil Rule 7(i), the Court hereby DENIES the motion because Mr. Shaffstall was not diligent in seeking Ms. Williams's deposition during the discovery period, so there is no basis to reopen discovery.[1]

**I.   LEGAL STANDARD**

The Court may modify a scheduling order if a party demonstrates "good cause." Fed. R. Civ. P. 16(b)(4). When analyzing whether there is good cause to reopen discovery, the Court considers the following factors:

---

[1] Because Mr. Shaffstall was the plaintiff during most of the relevant time period and because Ms. Shaffstall represents his estate, the Court refers to Mr. Shaffstall as the plaintiff in this order.

ORDER
C18-1656-JCC
PAGE - 1

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995)). The good cause standard focuses primarily on "the diligence of the party seeking" to modify the case schedule. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If that party was not diligent, the inquiry should end." *Id.*

## II.   DISCUSSION

This case progressed nearly all the way to trial before the COVID-19 pandemic. Discovery closed on October 31, 2019 and the Court resolved Old Dominion's summary judgment motion on March 30, 2020. (Dkt. Nos. 40, 60.) In August 2019, two months before the discovery deadline, Mr. Shaffstall requested a 30(b)(6) deposition on a variety of topics, including Old Dominion's "SAP HR, Payroll, and Time Management systems," the company's "use of KRONOS Workforce Management and Human Capital Management systems," and "[p]rocedures for accessing, obtaining, and maintaining all Electronically Stored Information used by [Old Dominion]" to investigate "alleged timecard fraud committed by Plaintiff." (Dkt. No. 84-1 at 3.) Old Dominion represents that it identified Ms. Williams, Old Dominion's Director of Human Resources Information Systems, (Dkt. No. 45 at 1), as a witness who could testify about "Old Dominion's HR, payroll, timekeeping, and management systems," (Dkt. No. 80 at 2), in "phone calls and emails," (Dkt. No. 84 at 5). That representation is consistent with the record, which shows an e-mail from Old Dominion's counsel to Mr. Shaffstall's counsel on August 27, 2019 offering dates "Plaintiff's proposed deponents [were] available," including four

days Ms. Williams was available. (Dkt. No. 84-3 at 3.) In addition, Mr. Shaffstall acknowledged in his response to Old Dominion's motion to extend the discovery deadline that Old Dominion had identified Ms. Williams as its 30(b)(6) witness and represented that he intended to take her deposition. (Dkt. No. 32 at 2.) Therefore, the record clearly shows that Old Dominion identified Ms. Williams as a potential witness during the discovery period and Mr. Shaffstall declined to depose her.

On February 19, 2021, nearly 16 months after the discovery deadline and 11 months after the Court resolved Defendant's summary judgment motion, Mr. Shaffstall moved to reopen discovery to depose Ms. Williams. (*See* Dkt. No. 81.) Mr. Shaffstall argues that he did not know it was important to depose Ms. Williams because: (1) Old Dominion did not disclose that it would call Ms. Williams to testify at trial during discovery and (2) Old Dominion did not identify the topics about which Ms. Williams would testify. (*See* Dkt. Nos. 81 at 2, 84 at 3.) Neither argument is persuasive.

First, Mr. Shaffstall should have known that Old Dominion might call Ms. Williams as a witness at trial the moment Old Dominion identified Ms. Williams as its corporate representative and offered to make her available to testify at the 30(b)(6) deposition. Corporations do not generally offer their employees for depositions for no reason. Witnesses offered for depositions routinely testify at trial and corporate representatives are no different. Because Old Dominion offered Ms. Williams as a witness who could testify about the topics Plaintiff identified in the 30(b)(6) notice, Mr. Shaffstall either knew or should have known that Ms. Williams might testify at trial. Second, Mr. Shaffstall's suggestion that he was unaware of the topics on which Ms. Williams would testify is not credible. Old Dominion represents that it identified the topics on which she would testify, (Dkt. No. 80 at 2), and, at a minimum, Mr. Shaffstall was aware that Ms. Williams would testify regarding the topics in 30(b)(6) notice—topics that Mr. Shaffstall himself identified as relevant.

Finally, the record shows that Mr. Shaffstall intended to depose Ms. Williams in August

and September 2019, when he claims to not have known whether she would testify at trial or the topics about which she would testify. (*See* Dkt. Nos. 84-2 at 8 (Old Dominion sharing Ms. Williams's availability because she was one of "Plaintiff's proposed deponents") and 32 at 2 (Mr. Shaffstall arguing that the Court should allow him to depose "Ms. Williams during the week of October 14, 2019").) Therefore, even if the Court were persuaded by Mr. Shaffstall's representations that he was unaware of these facts—and it is not—the record makes clear that Mr. Shaffstall's alleged lack of knowledge was *not* the reason he declined to depose Ms. Williams. If it was, Mr. Shaffstall would not have repeatedly expressed interest in taking her deposition.

### III. CONCLUSION

The Court concludes that Mr. Shaffstall was not diligent in seeking Ms. Williams's deposition because Old Dominion offered Ms. Williams for a deposition during the discovery period and Mr. Shaffstall declined to depose her. Therefore, the Court DENIES Ms. Shaffstall's motion to reopen discovery.

DATED this 14th day of April 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE